## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:15-CR-311** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **ANGEL LUIS CARRASCO-RIVERA**, | : | |
| | : | |
| **Defendant** | : | |

### ORDER

AND NOW, this 11th day of April, 2019, upon consideration of the

correspondence (Doc. 36) filed *pro se* by defendant Angel Luis Carrasco-Rivera

("Carrasco-Rivera") requesting that the court direct the Federal Bureau of Prisons

("BOP") to recalculate his good time credits in accordance with the First Step Act

of 2018, Pub. L. No. 115-391, 132 Stat. 5194, and the court observing that the First

Step Act mandates that the BOP award eligible federal prisoners a full 54 days of

good-time credit per each year of the prisoner's sentence imposed by the court,

rather than the 47 days of good-time credit customarily awarded pursuant to the

BOP's internal policy concerning good-time calculation, see id. § 102(b)(1)(A)(i)

(to be codified at 18 U.S.C. § 3624(b)(1)), but that the good-time provision does not

become effective until "the date that the Attorney General completes and releases

the risk and needs assessment system" contemplated elsewhere in the First Step

Act, see id. § 102(b)(2), which assessment is to be developed and publicly released

by the Department of Justice "[n]ot later than 210 days after" the Act's December

18, 2018 enactment date, id. § 101(a) (codified at 18 U.S.C. § 3632(a)), and the court

thus determining that Carrasco-Rivera's request, regardless of how construed, is

premature, it is hereby ORDERED that Carrasco-Rivera's request (Doc. 36) for relief based on the First Step Act of 2018 is DENIED as premature and without prejudice to refiling same as appropriate after Section 102(b)(1)(A)(i) takes effect.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania